IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRANDON ADAM DAUNTAIN,       *

    Petitioner                     *

          v                           *         Civil Action No. DKC-17-2962

WARDEN FRANK B. BISHOP JR. and   *
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND                 *

    Respondents                 *
                                     ***

**MEMORANDUM OPINION**

On September 13, 2017,[1] Petitioner Brandon Adam Dauntain filed the instant 28 U.S.C. § 2254 habeas corpus Petition attacking his 2001 state convictions for attempted second-degree murder, first-degree sex offense, and related charges. ECF No. 1. Respondents filed an Answer to the Petition, and Dauntain has filed a reply to the Answer. ECF Nos. 7, 9.

This matter has been fully briefed. Upon review, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts;* Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to hearing under 28 U.S.C. § 2254(e)(2)). For the reasons set forth herein, the Court will deny and dismiss the Petition with prejudice.

**PROCEDURAL HISTORY**

In 2001, Dauntain was charged in the Circuit Court for Prince George's County with numerous offenses arising out of his March 28, 2001 attack of two victims. ECF No. 7-1 at 3;

---

[1] Dauntain avers that this is the date he deposited the Petition in the prison mailing system. ECF No. 1 at 13. Because Dauntain is incarcerated, he is entitled to the benefit of the prison mailbox rule, which provides that a prisoner's filing of a court document is complete on the date he gives the document to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988).

*see also* ECF No. 7-10 at 2-7 (summarizing victims' account of the attack). Before proceeding to a jury trial, Dauntain moved to suppress evidence, including statements that he made to police while in custody and physical evidence seized from Dauntain at the time of his arrest. ECF No. 7-2 at 62. After conducting a hearing, the trial court ruled in Dauntain's favor on both motions. *Id.* at 62-147 (hearing about custodial statements); ECF No. 7-3 (hearing about arrest). The court explained that Dauntain was in police custody but had not been read his *Miranda*[2] rights at the time he made certain statements, and accordingly suppressed those statements. ECF No. 7-2 at 147. Likewise, the court ruled that, at the time of his arrest, the police lacked probable cause and therefore suppressed all of the physical evidence seized from Dauntain upon his arrest. ECF No. 7-3 at 40.

Following a jury trial, Dauntain was convicted of more than a dozen charges, including attempted second-degree murder, first-degree sex offense, arson, assault, and burglary. ECF No. 7-1 at 11. In January 2002, Dauntain was sentenced to life imprisonment, with the first 10 years to be served without the possibility of parole. *Id.* at 12. Dauntain timely appealed, and the Maryland Court of Special Appeals affirmed his convictions. ECF No. 7-1 at 14; ECF No. 7-10. Dauntain timely filed a petition for a writ of certiorari with the Maryland Court of Appeals, which denied the petition on September 18, 2003. ECF No. 7-1 at 14. Dauntain did not seek review by the United States Supreme Court; thus, his convictions became final on December 17, 2003, when the time for seeking further review expired. *See* Sup Ct. Rule 13.1 (petition for writ of certiorari to be filed no later than 90 days after entry of judgment from which review is sought).

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

On September 10, 2004, Dauntain filed a Petition for Post Conviction Relief (PCR) with the Circuit Court. *Id.* at 15; ECF No. 7-11. According to the docket sheet, Dauntain's PCR petition was referred to the Office of the Public Defender on September 15, 2004. ECF No. 7-1 at 15. However, no further action occurred in Dauntain's case until October 10, 2014, when an Assistant Public Defender entered an appearance. *Id.* A supplemental PCR petition was filed and a hearing was conducted. *Id.* at 17. On December 20, 2016, the Circuit Court denied the PCR petition. *Id.* The Circuit Court granted Dauntain's request for an extension of time to file an appeal of the PCR denial, and Dauntain filed an application for leave to appeal on February 8, 2017. *Id.* at 17-18. However, in an order issued April 6, 2017, the Court of Special Appeals ruled that the Circuit Court lacked the authority to extend the time for filing an application for leave to appeal, vacated the Circuit Court's order, and dismissed Dauntain's application as untimely. ECF No. 7-13.

On September 13, 2017, Dauntain filed the instant § 2254 Petition, arguing that he is entitled to habeas corpus relief because "[p]olice[] admitted at motions hearing that at no time was I read my rights the night of my arrest nor was I marandized [sic]. Judge ruled that police had no probable cause to stop me and that my [e]ntire arrest was illegal." ECF No. 1 at 5. Respondents have answered, arguing that Dauntain's Petition should be rejected because the trial court ruled in Dauntain's favor on these challenges and suppressed the unconstitutionally obtained evidence. ECF No. 7 at 18-19. In the alternative, Respondents note that the Petition could be dismissed as time-barred or as procedurally defaulted. *Id.* at 8 n.1, 18 n.2. Further, Respondents argue that, to the extent Dauntain's claim is read as presenting a Fourth Amendment challenge, it is not cognizable on habeas corpus review, as the issue was fully

litigated in state court. *Id.* at 19 n.3. The Court gave Dauntain an opportunity to explain why his Petition should not be dismissed as time-barred and to reply to the Respondent's other arguments, ECF No. 8, and Dauntain timely did so, ECF No. 9.[3]

## ANALYSIS

Section 2254 states that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

**A.     Timeliness**

Timeliness is a threshold consideration when examining a petitioner's claims. Pursuant to 28 U.S.C. § 2244(d),

---

[3] In addition to arguing that his § 2254 Petition should not be dismissed as untimely, the Reply expressed that Dauntain

> was under the impression that by listing all the allegations of error presented on direct, post conviction, and leave to appeal, on the Habeas corpus application by answering the questions on such, that those allegations with its supporting facts and argu[]ments, would be reviewed by the federal court for federal relief if any existed.

ECF No. 9 at 6-7. This understanding is incorrect. It is not the role of the federal court to act as an advocate for a habeas petitioner by combing through state proceedings searching for constitutional errors not squarely presented. Moreover, to the extent that Dauntain believes that his § 2254 Petition actually asked for review of every issue ever raised during the state proceedings, he is mistaken. Although he recounted the past grounds under the case history section of the Petition, *see* ECF No. 1 at 2-4, 7-12, Dauntain's response to the instruction to "[s]tate BRIEFLY every ground on which you claim you are being held unlawfully" only identified his combined claim of being arrested without probable cause and making custodial statements without being Mirandized. *Id.* at 5. In fact, in the space for noting additional grounds of unconstitutionality, Dauntain wrote "none." *Id.* In any event, even assuming for the sake of argument that Dauntain did fairly present all past claims to this Court for § 2254 review, those claims would be subject to dismissal as time-barred, as explained *infra*.

4

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

This one-year period is, however, statutorily tolled while properly filed post-conviction proceedings are pending. § 2244(d)(2).

The limitations period may also be equitably tolled. In order to be entitled to equitable tolling, a petitioner must establish that some wrongful conduct by respondents contributed to the delay in filing the post-conviction or habeas petition or that circumstances outside Petitioner's control caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). The application of equitable tolling must be "guarded and infrequent," and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. To the extent delay might be attributed to a petitioner's lack of understanding of the law, unfamiliarity with the law

may not be used to justify equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

The Court uses the date specified in § 2244(d)(1)(A) as the triggering date for the one-year limitations period, as Dauntain has not presented, nor can the court discern, an argument for applying the triggers identified in § 2244(d)(1)(B)-(D).[4] The limitations period began running on December 17, 2003, when Dauntain's judgment became final upon the conclusion of his opportunity to seek further direct review with the U.S. Supreme Court. The limitations period ran for 268 days, until Dauntain filed his PCR petition on September 10, 2004. The period was tolled between September 10, 2004 and December 20, 2016, while properly filed state post-conviction proceedings were pending.[5] The limitations period resumed and ran for the remaining 97 days, expiring on Monday, March 27, 2017. Dauntain filed his § 2254 Petition on September 13, 2017, or 171 days after the limitations period expired.

In order to excuse this untimely filing, Dauntain must show that he is entitled to equitable tolling. To the extent Dauntain's argument that he did not obtain transcripts until 2015 is intended to be an argument for equitable tolling of the accrued time between December 17, 2003, and September 10, 2004, this argument must fail. The fact that Dauntain was able to file a PCR

---

[4] Dauntain's receipt of transcripts in 2015 does not satisfy the conditions set forth in § 2244(d)(1)(B), as the lack of transcripts up to that point did not prevent him from filing a PCR petition. Likewise, because Dauntain was present at the hearings and trial, the factual predicate of a claim based on information from the transcripts was known to Dauntain at the time such information was stated in open court. Subsequently-obtained transcripts memorializing information already known to Dauntain do not trigger § 2244(d)(1)(D).

[5] Dauntain's efforts at seeking the Court of Special Appeals' review of the PCR denial do not toll the time period, since these efforts were untimely and therefore not properly filed. In any event, even if the accrual of the limitations period is tolled under § 2244(d)(2) until April 6, 2017, the date that the Court of Special Appeals rejected Dauntain's attempt to appeal the PCR denial, the limitations period would have expired on Wednesday, July 12, 2017, meaning Dauntain's § 2254 petition, filed on September 13, 2017, would still be untimely.

petition before 2015 demonstrates that the absence of transcripts did not prevent him from initiating PCR proceedings. In other words, if Dauntain had enough information to file a PCR petition on September 10, 2004 despite his lack of transcripts at the time, he also had enough information to file a PCR petition during the preceding 268 days. Moreover, this court has previously ruled that "[g]enerally, a delay or failure to obtain transcripts does not warrant" equitable tolling. *Gaylord v. Johnson*, No. ELH-14-2734, 2016 WL 1258432, at *3 (D. Md. Mar. 31, 2016). Further, Dauntain fails to explain why any of the time that accrued in 2017 should be equitably tolled, and there is nothing in the record suggesting that anything hindered him from filing this Petition immediately after the state PCR proceedings concluded. Accordingly, because Dauntain is not entitled to equitable tolling and more than a year of statutorily untolled time elapsed between when his conviction became final and the filing of the instant § 2254 Petition, Dauntain's Petition will be dismissed as time-barred.

**B.** **Cognizability**

Even if it was not time-barred, Dauntain's Petition would be subject to dismissal on the alternate ground that he fails to present cognizable claims. Both the *Miranda* claim and the unlawful arrest claim were resolved in Dauntain's favor before trial, meaning that Dauntain's Petition does not identify a constitutional error that had any impact on his trial, conviction, sentence, and/or present incarceration. The unlawful arrest claim is also not cognizable on the ground that it is a Fourth Amendment challenge because that was fully litigated in the state court. *See Stone v. Powell*, 428 U.S. 465, 495 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted

federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." (footnote omitted)).

## CONCLUSION

The Petition for habeas corpus relief will be denied and dismissed. When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a petitioner satisfies this standard by demonstrating "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal quotation marks omitted); *see Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Because Dauntain fails to satisfy this standard, the court declines to issue a certificate of appealability.[6]

A separate order follows.

April 2, 2018 _____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

[6] Denial of a certificate of appealability in the district court does not preclude Dauntain from requesting a certificate of appealability from the appellate court.